ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

WILFRED MACDONALD KING,

                Plaintiff(s)

FILED CLERK
2015 JUN 25 PM 3: 13
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

Civil Case No.:_____

-against-

NEW YORK CITY
POLICE DEPARTMENT OFFICER(S) -
POM STEVEN MARSHALL - SHIELD # 25053,
SERGEANT SMIRNOV ANDREY,
DT3 NICHOLAS VELEZ,
JOHN DOES # 1-2,
WILLIAM JOSEPH "Bill" BRATTON CBE
and CITY OF NEW YORK.

                Respondents(s)

COGAN, J.

CV 15 3779

-----------------------------------------------------------------X

**COMPLAINT**

## NATURE OF ACTION AND JURISDICTION

1. This is a civil action under 42 U.S.C § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States; profiling Plaintiff based on his color and race; retaliating against Plaintiff for his exercise of constitutionally protected speech; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2. This action is brought pursuant to 42 U.S.C.Sections 1983, 1985 & 1988, and the Fourth, Fifth, Sixth & Fourteenth Amendments to the Constitution of the United States.

3. Plaintiff evokes the jurisdiction of this court pursuant to Title 28 U.S.C. sections 1331, 1343 & 1367.

4. Venue is appropriate in this district pursuant to Title 28 U.S.C. section 1391 because the event(s) that give rise to this complaint occurred within the jurisdiction boundaries of this court.

## PARTIES

5. Plaintiff/Petitioner Wilfred Mac Donald King, (hereinafter "Plaintiff") has been a resident of County of Richmond at all times relevant to the incidents which are subject of this action.

6. Defendant, POM STEVEN MARSHALL, Shield # 25053, (hereinafter "PO MARSHALL") at all times relevant to the facts herein this complaint was a police officer acting in such capacity as the agent, servant and employee, employed by Defendant City of New York and is being sued in his individual & official capacity.

7. Defendant, SERGEANT SMIRNOV ANDREY, (hereinafter "SGT ANDREY") at all times relevant to the facts herein this complaint was a police officer acting in such capacity as the agent, servant and employee, employed by Defendant City of New York and is being sued in his individual & official capacity.

8. Defendant, DT3 NICHOLAS VELEZ, (hereinafter "DT3 VELEZ") at all times relevant to the facts herein this complaint was a police officer acting in such capacity as the agent, servant and employee, employed by Defendant City of New York and is being sued in his individual & official capacity.

9. Defendant, JOHN DOE 1, (hereinafter "DOE 1") at all times relevant to the facts herein this complaint was a police officer acting in such capacity as the agent, servant and employee, employed by Defendant City of New York and is being sued in his individual & official capacity.

10. Defendant, JOHN DOE 2, (hereinafter "DOE 2") at all times relevant to the facts herein this complaint was a police officer acting in such capacity as the agent, servant and employee, employed by Defendant City of New York and is being sued in his individual & official capacity.

11. Defendant, William Joseph "Bill" Bratton CBE (hereinafter "Bill Bratton") at all times relevant to the facts here in this complaint was the New York City Police Department Commissioner acting in such capacity as the agent, servant and employee, employed by Defendant City of New York and is being in his individual & official capacity.

12. Defendant, City of New York (hereinafter "City") being sued as a person, is a municipal corporation operating within the State of New York that is ; directly or indirectly responsible for employing, training, supervising, compensating & enriching or rewarding defendant officer for his actions against plaintiff.

## INCIDENTS AT ISSUE

12. Plaintiff is a house owner in the city of Staten Island, New York in the County of Richmond and State of New York at all times relevant to the incident which is the subject of this action.

13. On May 12, 2012, at all times relevant, Plaintiff was operating a motor vehicle in a lawful manner along Kinsey Place in Staten Island, New York in the County of Richmond and State of New York. Plaintiff stopped in front of around No. 20 Kinsey Place, Staten Island and remained in his car. While in his car, Plaintiff was discussing repair work appointment with two white (Caucasian) men (engineers that use to repairs boilers for the plaintiff). The two white engineers were inside their car parked at the other side of the road. Throughout the brief discussion about the repair work scheduled between the plaintiff and the two white men, Plaintiff was sitting in his car and had no physical contact with any of the white (Caucasian) men.

14. Immediately after the repair work schedule, Plaintiff tried to pull off and continue his journey. However, approximately four men in plain-clothes that was later known, upon information and belief, to be police officers from the New York City Police Department willfully, knowingly and intentionally with full force drove two unmarked black vans across Plaintiff's car and obstructed his movement.

15. The four men jumped out of the two black vans, brandished and pointed their guns at Plaintiff and told him that he is under arrest. Moreover, two men approached Plaintiff, forcibly removed him out of his car, forcibly turned him around and placed handcuffs tightly around his wrists.

16. The four men forcibly removed Plaintiff from the scene, locked him inside the larger of the two black vans and transported Plaintiff to the 120th Precinct on Bays Street, Staten Island, New York.

17. During the process Plaintiff's arrest, the four police officers mistreated Plaintiff in a rough and embarrassing manner. Particularly, Plaintiff pleaded and requested for an opportunity to take his high blood pressure and pain medication that was on his person but the police officers told him "Fuck you nigger, you're selling drugs and controlled substance, who cares for your health".

18. However, the four Police officers also arrested the two white men that Plaintiff was discussing the repair job with and a small amount of controlled substance was found in the possession of the two white men (the engineers). Plaintiff heard the two white men telling the four men (Police Officers) that Plaintiff knew nothing about the controlled substance and should not have been arrested. The police officers willfully ignored and rejected those statements and willfully continued with the arrest and detention of Plaintiff. Plaintiff heard the Police Officers saying that it is impossible for white men to possess controlled substance without a black man selling it to them.

19. Even though the white men admitted possessing the controlled substance by themselves, they were treated fairly and politely while Plaintiff was mistreated. Also, while at the Precinct, the entire $1100 amount of money found on Plaintiff's person were seized and confiscated while half of the white men's money was released to them immediately for their convenience when they got to the jail. The duty Supervisor was informed about the decision to seize and confiscate Plaintiff's money; he responded that no money should be released to the Plaintiff. Specifically, he roared and insisted that "no money should be released to that black man" "don't give him shit".

20. Subsequently, Defendant Marshall willfully and falsely filed a complaint against Plaintiff and stated that he saw Plaintiff exchanging a controlled substance with those two white men in front of No. 20 Kinsey Place in Staten Island, New York on May 12, 2012. Plaintiff was charged with Criminal Sale of a Controlled Substance 3rd degree in violation of P.L. 220.39(1) and Criminal Possession of a Controlled Substance 3rd degree in violation of P.L. 220.16(1). Plaintiff was arraigned on the same day and he pled not guilty to all charges.

21. Plaintiff was prosecuted on the charges and confined in Rikers Island Detention Center initially for approximately four weeks. While at the Rikers Island Detention Center, Plaintiff

appeared in the court on the case approximately three times. Plaintiff was repeatedly threatened to plead guilty to the crime or in alternative to plead to a crime of disorderly conduct charge or else he would be indicted on more serious charges and be convicted at all cost. Plaintiff refused to plead guilty to any crime and maintained his innocence.

22. On or about June 2012, Plaintiff was transferred from Rikers Island Detention Center to Brooklyn Detention Center in Atlantic Avenue, Brooklyn, New York. While at the Brooklyn Detention Center, Plaintiff appeared twice in Court on the charges. Plaintiff was also threatened to take a guilty plea or be indicted on a felony charges. Plaintiff again refused to accept a guilty plea and claimed that he could not accept a guilty plea on the crimes he did not commit and insisted that he wanted to go before the grand jury and prove his innocence.

23. On every movement of Plaintiff's to and fro from the Court appearances and on each transfer from one detention center to another detention center, Plaintiff was repeatedly subjected to strip searches both in the Precinct, Rikers Island and Brooklyn Detention Center for approximately more than seven times.

24. On or about June 26, 2012, approximately, Immigration and Customs Enforcement "ICE" agents came and arrested Plaintiff and took him to custody. However, while Plaintiff was in the custody of ICE, the entire fabricated charges of Criminal Sale of a Controlled Substance 3rd degree in violation of P.L. 220.39(1) and Criminal Possession of a Controlled Substance 3rd degree in violation of P.L. 220.16(1) against Plaintiff were dropped and the case against the Plaintiff was dismissed in Plaintiff's favor.

25. Upon information and belief, Plaintiff was arrested with the two white men solely because of his color due to the fact that after finding controlled substance from two white men and the four Police officers unlawfully profiled Plaintiff, being a black man talking with the white men at the time, and concluded that Plaintiff must have been the seller of the controlled substance.

26. Upon information and belief, the arrest of the Plaintiff was also motivated because Defendants police officers wanted to meet up with the assigned number of arrestee for the quota system operated by the New York City Police Department.

27. Upon information and belief, Defendant Police officers maliciously filed complaints against Plaintiff in order to prevent him from asserting his civil right against the unlawful arrest and detention of the Plaintiff.

28. At all times heretofore and in all the actions described herein, Defendants PO Marshall, SGT Andrey, DT3 Velez, Doe 1 and Doe 2 were individually and collectively involved in the incident of false arrest, false imprisonment and false prosecution of the of Plaintiff described above and they acted under the color of law and pursuant to their authority as law enforcement officers.

29. Defendants police officers agreed, conspired, and acted individually and together unlawfully, illegally, willfully, intentionally, and purposefully subjected Plaintiff to arrest, confinement, differential treatment, humiliation, embarrassment, discomfort, negligence and intentional emotional distress, physical and psychological pains.

30. Each Defendants, individually and in concert with others, acted willfully, knowingly, intentionally, and with specific intent and deprived Plaintiff right to freedom from unlawful arrest, unlawful imprisonment, malicious prosecution, excessive and unusual punishment and

impermissible racial discrimination, all which rights are secured to Plaintiff by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of United states, and his rights to be accorded the equal protection of law, and under 42 U.S.C. section 1983.

31. Defendants City of New York and Bill Bratton knew or should have known of Defendant Marshall's propensity to violate citizen's rights.

32. These acts by Defendants, caused Mr. King to suffer grievous harm from his illegal and unconstitutional arrest, seizure, and incarceration.

33. The arrest of Mr. King occurred for no reason and without any probable cause or legal justification.

## CAUSES OF ACTION
## COUNT 1: VIOLATIONS OF 42 U.S.C. § 1983: ARREST

34. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

36. Acting under the color of law, Defendants worked a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit,
   a. By depriving Plaintiff of his liberty without due process of law, by taking him into custody an holding him there against his will,
   b. By making an unreasonable search and seizure of Plaintiff's property without due process of law
   c. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws,
   d. By refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

37. There was no warrant for the arrest of Plaintiff on 12 May 2012 by the New York State Police Department four Police Officers. The arrest was without reasonable grounds for said Defendants to believe Plaintiff had committed an offense and Defendants knew they were without probable cause to arrest Plaintiff.

38. As a result of their concerted unlawful and malicious arrest by Defendants Police Officers, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

## COUNT 2: VIOLATIONS OF 42 U.S.C. § 1983: DETENTION AND CONFINEMENT

39. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40. As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, Defendants Police Officers deprived Plaintiff of both his right to his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded,

in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

### COUNT 3: <u>VIOLATIONS OF 42 U.S.C. § 1983: STRIP SEARCH</u>

41. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 40 above with the same force and effect as if herein set forth.
42. As a result of their concerted unlawful and malicious arrest, detention, and confinement of Plaintiff, Defendants Police Officers caused Plaintiff to be subjected in the Rikers Island City Detention Center and Brooklyn Detention Center to strip searches of his body, including his rectal cavity, in a situation where there was no reason to believe that weapons or contraband had been concealed on or in his body, and thus deprived Plaintiff of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

### COUNT 4: <u>VIOLATIONS OF 42 U.S.C. § 1985: CONSPIRACY</u>

43. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 42 above with the same force and effect as if herein set forth.
44. As a result of their concerted unlawful and malicious conspiracy of Defendants four Police officers that falsely arrested Plaintiff, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

### COUNT 5: <u>VIOLATIONS OF 42 U.S.C. § 1983:<br>POLICE OFFICERS AND CITY OFFICIALS REFUSING OR NEGLECTING TO PREVENT WRONGFUL ARREST, ABUSE OF PROCESS AND RELATED TORTS</u>

45. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.
46. At all times relevant to this Complaint, Defendants Police Officers Marshall and three other John Does as police officers of the New York City Police Department were acting under the direction and control of Defendant Bill Bratton and Defendant City of New York.
47. Acting under color of law and pursuant to official policy or custom, Defendant Bill Bratton and Defendant City of New York, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:
    (a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

Case 1:15-cv-03779-LDH-VMS   Document 1   Filed 06/25/15   Page 7 of 15 PageID #: 7

(b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,
(c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of New York; and
(d) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

48. Defendant Bill Bratton and Defendant City of New York had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, they should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant Bill Bratton and Defendant City of New York had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

49. Defendant Bill Bratton and Defendant City of New York directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

50. As a direct and proximate cause of the negligent and intentional acts of Defendant Bill Bratton and Defendant City of New York as set forth in paragraphs 43-47 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

## COUNT 6: MALICIOUS PROSECUTION

51. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 50 above with the same force and effect as if herein set forth.

52. Defendants instituted criminal process against the plaintiff with malice:

(a) PO Marshall, SGT Andrey, DT3 Velez and John Does # 1-3 played an active part in the initiation of the criminal proceedings;
(b) PO Marshall and John Does #1-3 played an active part in the initiation of the criminal proceedings as by arresting and causing the false imprisonment of Plaintiff; and
(c) PO Marshall signed the criminal complaint against Plaintiff.

53. The charges were not based upon probable cause, that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Plaintiff was guilty.

(a) Defendants Officer Marshall, SGT Andrey, DT3 Velez and John Does #1-3 had a duty to ascertain whether there was reasonable and probable cause for a prosecution, to wit, knowing that Plaintiff was engaging in the crime of control substance with the two boiler repair engineers in front of No. 20 Kinsey Place in Staten Island, Defendants Officer Marshall and John Does #1-3 had a duty to ascertain whether Plaintiff had exchanged controlled substance with the two boiler repair engineers that actually possessed the controlled substances and sat in their car at a distance to Plaintiff;
(b) Defendants Officer Marshall, SGT Andrey, DT3 Velez and John Does #1-3 breached their duty;

(c) Defendants Officer Marshall, SGT Andrey, DT3 Velez and John Does #1-3 had information that Plaintiff did not involve or engage in the possession or sale of controlled substance; they had a duty to ascertain that an innocent should not be punished and failed that duty;

(d) Defendant Officer Marshall recklessly made categorically false allegations in the Complaint accusing Plaintiff of possession and sales of controlled substance in his presence, those statements resulted in Plaintiff's false prosecution and imprisonment.

(e) Defendants Officer Marshall and John Does #1-3 instigated or participated in the prosecution by arresting and pressing false charges in a complaint against Plaintiff for an improper purpose of meeting up with the number of the Police Department's quota system.

54. The criminal proceeding terminated in favor of the plaintiff when the assistant district attorney recommended the dismissal of all four charges against Smith and the court accepted the recommendation and dismissed the charges against Smith.

55. Defendants City of New York and Bill Bratton are liable under the doctrine of respondeat superior.

## COUNT 7: ABUSE OF PROCESS

56. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 55 above with the same force and effect as if herein set forth.

57. Defendants Officer Marshall, SGT Andrey, DT3 Velez and John Does #1-3 maliciously used a "legal process 'to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

58. On May 12, 2012, Defendant Police Officer Marshall filed a complaint and falsely accused Plaintiff for a crime that he did not commit just because there was a quota system that demands a number of people to be arrested. Defendant Police Officer Marshall and John Does #1-3 therefore falsely arrested Plaintiff abusing the process at which quota system was made for.

59. Defendants Officer Marshall, SGT Andrey, DT3 Velez and John Does #1-3 knew or should have known that the complaint was groundless and he sought to use the process for an ulterior purpose, including, but not limited to, the purpose of protecting his employment and gaining promotion at work.

60. Defendants Officer Marshall, SGT Andrey, DT3 Velez and John Does #1-3 knew or should have known that the complaint initiated was groundless.

61. Defendants Officer Marshall, SGT Andrey, DT3 Velez and John Does #1-3 used the legal process with the ulterior purpose, to wit, for personal financial benefit.

62. Defendants City of New York and Bill Bratton are liable under the doctrine of Respondeat Superior.

## COUNT 8: VIOLATION OF NEW YORK CIVIL RIGHTS ACT

63. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 62 above with the same force and effect as if herein set forth.

64. At all times relevant herein, the conduct of all Defendants were subject to the New York City Rights Act.
65. Defendants Officer Marshall, SGT Andrey, DT3 Velez and John Does #1-3 interfered with or attempted to interfere by threats, intimidation, or coercion with Plaintiff's exercise and enjoyment of his rights -- e.g., his rights to his liberty, his right to occupy his real property, to wit, his home, at 40 Holland Avenue, Staten Island, New York 10303 and his right to due process -- secured by the state and federal constitutions or laws of the United States and/or the State of New York.
66. Thus, under color of state, Plaintiff's liberty was threatened, and he was intimidated and coerced into not enforcing his right to living in his home.
67. Defendants City of New York and Bill Bratton are liable under the doctrine of Respondeat Superior.
68. As a direct and proximate result of the conduct of the Defendants, Plaintiff was intimidated and put in continuing anxiety and has suffered damages.

## COUNT 9: FALSE ARREST AND IMPRISONMENT

69. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 68 above with the same force and effect as if herein set forth.
70. At all times relevant herein, (a) the Defendants acted with the intention of confining Plaintiff within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) Smith was conscious of the confinement.
71. Defendants Officer Marshall, SGT Andrey, DT3 Velez and John Does #1-3 imposed by force or threats an unlawful restraint upon his freedom of movement, to wit by arresting and handcuffing his hands behind his back, transporting him to the Area X police station where he was detained in a cell.
72. Then, under the color of state law, Officer Marshall, SGT Andrey, DT3 Velez and John Does #1-3, by not releasing his money to the prison along with him, indirectly caused the unlawful imprisonment and consequential strip-search of Plaintiff in the City jail.
73. As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered irreparable harm and damages.
74. Defendants City of New York and Bill Bratton are liable under the doctrine of Respondeat Superior.

## COUNT 10: ASSAULT

75. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 74 above with the same force and effect as if herein set forth.
76. Plaintiff is a reasonable person.
77. Defendant Officer Marshall and John Does #1-3 intentionally created an apprehension of immediate physical harm by means of an overt gesture, to wit, forcibly stopping Plaintiff in

front of No. 20 Kinsey Place and brandishing and pointing guns at Plaintiff, startles him for no known purpose other than to create in Plaintiff an apprehension of immediate physical harm, which apprehension was so created and did occur.
78. Any reasonable person would also become apprehensive in the face of defendants' threatening conduct.
79. Defendants City of New York and Bill Bratton are liable under the doctrine of Respondeat Superior.

## COUNT 11: BATTERY

80. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 79 above with the same force and effect as if herein set forth.
81. Without the consent of Plaintiff, Defendants Officer Marshall and John Does #1-3 intentionally, harmfully, and offensively touched Plaintiff and by handcuffing him.
82. Without the consent of Plaintiff, Defendants Officer Marshall, SGT Andrey, DT3 Velez and John Does #1-3 indirectly caused other unknown Officers and unknown corrections officers to intentionally, harmfully, and offensively touched Plaintiff when chaining and shackling Plaintiff in the police station and correctional detention centers including Rikers Island Detention Center and Brooklyn Detention Center.
83. Without the consent of Plaintiff, Defendants Officer Officer Marshall, SGT Andrey, DT3 Velez and John Does #1-3 indirectly caused an unknown corrections officer at the Rikers Island Detention Center to intentionally, harmfully, and offensively touch Plaintiff when strip-searching, including a search of his bodily cavities.
84. Defendants City of New York and Bill Bratton are liable under the doctrine of Respondeat Superior.

## COUNT 12: CONSPIRACY

85. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 84 above with the same force and effect as if herein set forth.
86. All the Defendants (a) had an object to be accomplished; (b) had an agreement on the object or course of action; (c) performed one or more unlawful overt acts; and (d) caused Plaintiff damages that were a direct result of those acts.
87. In furtherance of their object, Defendants did two or more overt acts against the plaintiffs. Those unlawful overt acts include, but are not limited to, the following:
    a. The defendants agreed that the object or course of action was to arrest, detain, and confine Smith without probable cause, and maliciously charge and prosecute him with crimes.
    b. Defendants City of New York and Buffalo Bill are liable under the doctrine of respondeat superior.
    c. Plaintiff suffered harm and damages that are a direct result of those acts.

## COUNT 13: <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

88. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 87 above with the same force and effect as if herein set forth.
89. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by abusing the lawful process with an unlawful purpose, or by violating Plaintiff's constitutional rights, or by falsely arresting and imprisoning the Plaintiff, by conspiring against Plaintiff, or by interfering with Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.
90. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.
91. The actions of the Defendants were the cause of Plaintiff distress.
92. Plaintiff is a reasonable man.
93. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.
94. As a result of the aforementioned actions of Defendants, Plaintiff suffered pain and suffering, both mental and physical.
95. Further, Defendants all exhibited a general and total disregard of any and all of Plaintiff's rights without regard to the extent of any injury that Plaintiff or any other person might suffer by their wrongful practice of quota system operation for arrest continued by the four officers that arrested Plaintiff.
96. As a direct and proximate result of Defendants' actions as described above, Plaintiff was deprived of his constitutional and civil rights under the color of state law and deprivation of rights protected by state law, causing Plaintiff to suffer and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses.
97. Defendants' conduct was undertaken in utter disregard of Plaintiff's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Plaintiff to recover punitive damages against the appropriate Defendants in an amount to be decided by a jury to deter Defendant(s) from future wrongdoing.

## RELIEF REQUESTED

98. WILFRED KING, Plaintiff in the above-styled action, requests the judgment of this Court against Defendants as follows:
    1. Find and hold under Count 1 that Defendants have, deprived Plaintiff of his constitutional and civil rights by arresting him and incarcerating him for an alleged violation of the law for

an act that did not violate the law in violation of the Fourth and Fourteenth Amendments to the United States;

2. Find and hold under Count 2 that Defendants have, deprived Plaintiff of his constitutional and civil rights by arresting him and incarcerating him for an alleged violation of the law for an act that did not violate the law in violation of the Eighth and Fourteenth Amendments to the United States Constitution.
3. Find and hold under Count 3 that Defendants have, deprived Plaintiff of his constitutional and civil rights by strip searching him at every detention center for an alleged violation of the law for an act that did not violate the law in violation of the Fourth and Fourteenth Amendments to the United States Constitution.
4. Find and hold under Count 4 that Defendants have, deprived Plaintiff of his constitutional and civil rights by arresting him and incarcerating him for an alleged violation of the law for an act that did not violate the law in violation of 42 U.S.C. § 1985.
5. Find and hold under Count 13 that Defendants have, deprived Plaintiff of his right to be free from the damages, harm, and effects from the negligent hiring and retention of Defendant four police officers, which led to her arrest and incarceration for an alleged violation of the law for an act that did not violate the law in violation of the law and Constitution.
6. Find and hold under Count 6 that Defendants have, deprived Plaintiff of his constitutional and civil rights by arresting, incarcerating and prosecuting him for an alleged violation of the law for an act that did not violate the law in violation of 42 U.S.C. § 1985.
7. Find and hold under Count 7 that Defendants have, deprived Plaintiff of his constitutional and civil rights by arresting him and incarcerating him for an alleged violation of the law for an act that did not violate the law in violation of 42 U.S.C. § 1986.
8. Find and hold under Count 8 that Defendants have, deprived Plaintiff of his constitutional and civil rights by arresting him and incarcerating him for an alleged violation of the law for an act that did not violate the law in violation of the law and Constitution.
9. Find and hold under Count 9 that Defendants have, deprived Plaintiff of his constitutional and civil rights by arresting him and incarcerating him for an alleged violation of the law for an act that did not violate the law in violation of the law and Constitution.
10. Find and hold under Count 10 that Defendants have, deprived Plaintiff of his constitutional and civil rights by arresting him and incarcerating him for an alleged violation of the law for an act that did not violate the law in violation of the law and Constitution.
11. Find and hold under Count 11 that Defendants have, deprived Plaintiff of his constitutional and civil rights by arresting him and incarcerating him for an alleged violation of the law for an act that did not violate the law in violation of the law and Constitution.
12. Find and hold under Count 12 that Defendants have, deprived Plaintiff of his constitutional and civil rights by arresting him and incarcerating him for an alleged violation of the law for an act that did not violate the law in violation of the law and Constitution.
13. Find and hold under Count 13 that Defendants have, deprived Plaintiff of his right to be free from the intentional infliction of emotional distress by arresting her and incarcerating

her for an alleged violation of the law for an act that did not violate the law in violation of the law and Constitution.

14. Order that Plaintiff be awarded compensatory damages under Count 1 in the amount of One Million Dollars ($1,000,000.00);
15. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 1 in an amount to be determined by the jury;
16. Order that Plaintiff be awarded compensatory damages under Count 2 in the amount of One Million Dollars ($1,000,000.00);
17. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 2 in an amount to be determined by the jury;
18. Order that Plaintiff be awarded compensatory damages under Count 3 in the amount of One Million Dollars ($1,000,000.00);
19. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 3 in an amount to be determined by the jury;
20. Order that Plaintiff be awarded compensatory damages under Count 4 in the amount of One Million Dollars ($1,000,000.00);
21. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 4 in an amount to be determined by the jury;
22. Order that Plaintiff be awarded compensatory damages under Count 5 in the amount of One Million Dollars ($1,000,000.00);
23. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 5 in an amount to be determined by the jury;
24. Order that Plaintiff be awarded compensatory damages under Count 6 in the amount of One Million Dollars ($1,000,000.00);
25. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 6 in an amount to be determined by the jury;
26. Order that Plaintiff be awarded compensatory damages under Count 7 in the amount of One Million Dollars ($1,000,000.00);
27. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 7 in an amount to be determined by the jury;
28. Order that Plaintiff be awarded compensatory damages under Count 8 in the amount of One Million Dollars ($1,000,000.00);
29. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 8 in an amount to be determined by the jury;
30. Order that Plaintiff be awarded compensatory damages under Count 9 in the amount of One Million Dollars ($1,000,000.00);
31. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 9 in an amount to be determined by the jury;
32. Order that Plaintiff be awarded compensatory damages under Count 10 in the amount of One Million Dollars ($1,000,000.00);

33. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 10 in an amount to be determined by the jury;
34. Order that Plaintiff be awarded compensatory damages under Count 11 in the amount of One Million Dollars ($1,000,000.00);
35. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 11 in an amount to be determined by the jury;
36. Order that Plaintiff be awarded compensatory damages under Count 12 in the amount of One Million Dollars ($1,000,000.00);
37. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 12 in an amount to be determined by the jury;
38. Order that Plaintiff be awarded compensatory damages under Count 13 in the amount of One Million Dollars ($1,000,000.00);
39. Order that Plaintiff be awarded punitive damages from any appropriate Defendant(s) under Count 13 in an amount to be determined by the jury;
40. Order that Plaintiff be awarded attorney fees, including litigation expenses, and the costs of this action under federal law; and
41. Grant such other and further relief and as is just and proper under the circumstances of this case.

**WILFRED KING DEMANDS A TRIAL BY JURY**

Respectfully submitted this 25th day of June, 2015.

_____
WILFRED KING
40 Holland Avenue
Staten Island, NY 10303.
Tel.: (347) 898-6322
Email: wfd.kinglegal@gmail.com

I understand that a false statement or answer to any questions in this declaration will subject me to the penalties for perjury. I declare under penalty of perjury that the foregoing is true and correct.

Signed this 25th day of June, 2015.
Richmond County, New York 10303.

_____
*Signature*

DEFENDANT NYPD OFFICERS ADDRESS

120 PRECINCT

78 Richmond Terrace
St. George
Staten Island, NY 10301

AND

POLICE COMMISSIONER
WILLIAM 'BILL' BRATTON
1 Police Plaza
New York, New York 10038.