UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILFRED MACDONALD KING,

               Plaintiff,

v.

CITY OF NEW YORK, NYPD OFFICER STEVEN MARSHALL, NYPD LIEUTENANT ANDREY SMIRNOV, NYPD DETECTIVE NICHOLAS VELEZ, WILLIAM JOSEPH "BILL" BRATTON, and JOHN DOES # 1-2,

               Defendants.

**MEMORANDUM AND ORDER**
15-cv-3779 (LDH) (VMS)

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff brought the instant action against the City of New York, Sergeant Steven Marshall, Lieutenant Andrey Smirnov, Detective Nicholas Velez, Police Commissioner William Bratton, and John Does 1 and 2. Specifically, Plaintiff asserted the following causes of action: false imprisonment, failure to intervene, and unlawful search pursuant to 42 U.S.C. § 1983; conspiracy pursuant to 42 U.S.C. § 1985; violation of the New York Civil Rights Law; and malicious prosecution, abuse of process, false arrest, assault, battery, conspiracy, and intentional infliction of emotional distress ("IIED") under New York state law. On August 20, 2018, Defendants moved pursuant to Federal Rule of Civil Procedure 56 for partial summary judgment. (ECF No. 73.) On March 28, 2019, the Court issued a memorandum and order, which, amongst other things: (1) dismissed Plaintiff's state law causes of action for malicious prosecution, abuse of process, false arrest, assault, battery, IIED, and conspiracy as Plaintiff failed to comply with the notice of claim and hearing requirements pursuant to New York's General Municipal Law §§ 50-e and 50-i; and (2) dismissed Plaintiff's § 1985 conspiracy claim, which was predicated on

1

his May 12, 2012 arrest, as it was barred by the three-year statute of limitations.[1]  (ECF No. 79.) On April 19, 2019, Plaintiff filed a notice of appeal of the Court's March 28, 2019 decision granting Defendant's motion for partial summary judgment.  (ECF No. 81.)

On April 24, 2019, Plaintiff moved for reconsideration of the Court's decision.  (ECF No. 82.)  While Plaintiff's bases for his motion are not all together clear, Plaintiff appears to contend that:  (1) filing a notice of claim would have been futile because a notice of claim must be filed within 90 days, and he did not find out his case was dismissed until ten months later; (2) Plaintiff's conspiracy claim is not time-barred because the conspiracy continued and did not end until the case was dismissed; and (3) Plaintiff intended to bring a federal malicious-prosecution claim, not one rooted in state law.  For each of Plaintiff's arguments, he has failed to identify an intervening change in controlling law, new evidence, clear error, or arguments concerning manifest injustice requiring reconsideration.  *See Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75 (2d Cir. 2016) (summary order) ("The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.").

With respect to Plaintiff's contention that filing a notice of claim would have been futile, Plaintiff has done nothing more than reargue that his state-law claims were not barred by his failure to submit a notice of claim.  However, "a motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion."  *Corpac v. Rubin & Rothman, LLC*,

---

[1] The cause of action for failure to intervene was not the subject of the motion for summary judgment.  In its March 28, 2019 memorandum and order, the Court ordered Plaintiff to show cause within thirty days as to why his claim for failure to intervene should not be dismissed as barred by the statute of limitations.  On April 24, 2019, Plaintiff responded to the Court's order to show cause.  Finding Plaintiff's contentions without merit, the Court dismissed Plaintiff's claim.  The Court's order directing Plaintiff to show cause as to why his claim for failure to intervene was not the subject of Plaintiff's appeal.  Therefore, the Court was not divested of jurisdiction to decide that claim.

10 F. Supp. 3d 349, 351 (E.D.N.Y. 2013); *see also Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."). For this reason, Plaintiff's first argument fails.

Plaintiff's argument with respect to the dismissal of his conspiracy claim is similarly without merit. Based on his submission, Plaintiff seemingly misconstrues the crime of conspiracy with the civil cause of action. The statute of limitations for a claim of conspiracy in violation of 42 U.S.C. § 1985 is three years, accruing "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)). The statute of limitations for civil conspiracy is the same as that for the underlying tort. *See Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980) ("It is the wrongful act, not the conspiracy, which is actionable, whether that act is labelled a tort or a violation of [§] 1983."). In this case, the underlying tort is the false arrest, which occurred on May 12, 2013—more than three years before the instant case was filed. Therefore, Plaintiff's conspiracy claims rooted in the arrest are time-barred. Even if Plaintiff seeks to maintain his conspiracy claim based on an alleged malicious prosecution, that claim fails.

In its March 28 order, the Court construed Plaintiff's malicious-prosecution claim as one rooted in state law, and determined that it was barred by the one-year statute of limitations. Even if the Court were to construe the Plaintiff's claim for malicious prosecution as one brought under federal law, as Plaintiff urges, the claim fails on the merits. Under law, probable cause is a complete defense to a malicious prosecution claim.[2] *Savino v. City of New York*, 331 F.3d 63, 72

---

[2] The elements of a malicious prosecution claim under New York law are "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could

3

(2d Cir. 2003) ("[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York."). "[P]robable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted).

Here, Officer Marshall observed Plaintiff engage in what he believed to be a "hand to hand" drug sale with Mr. Hovorka. (Defs.' Statement Material Facts Pursuant to Local Civil R. 56.1 ("Defs.' Reply 56.1") ¶ 31-34, ECF No. 64.) Cocaine packaged in aluminum foil was recovered from a car driven by Mr. Hovorka. (*Id.* ¶¶ 38-39.) Officer Marshall testified at his deposition that the area where the transaction occurred was known to be prone to drug activity. (Defs.' Statement Material Facts Pursuant to Local Civil R. 56.1 ("Defs.' 56.1") Ex. E at 26:17-22, ECF No. 61-5.) Taken together, these facts establish probable cause to arrest Plaintiff. (*Id.* ¶ 30.); *see also Smith v. Tobon*, 529 F. App'x 36, 39 (2d Cir. 2013) (summary order) (determining that probable cause to arrest existed where officer "observed [defendant] engaged in what appeared . . . to be a hand-to hand exchange of drugs for money in an area where there had been several recent drug arrests" and a search of other individual involved in transaction revealed substantial quantities of cocaine).

Of course, probable cause to arrest is substantively different than probable cause to prosecute. Probable cause to prosecute consists of "facts and circumstances [that] would lead a

---

succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." *Rohman v. New York City Transit Auth. (NYCTA)*, 215 F.3d 208, 215 (2d Cir. 2000) (internal citations omitted). Additionally, in order to allege a cause of action for malicious prosecution under § 1983, a plaintiff "must assert, in addition to the elements of malicious prosecution under state law, that there was (5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Id.*

reasonably prudent person to believe the plaintiff guilty." *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003). In assessing whether probable cause exists to prosecute, a court must consider "the facts known or reasonably believed at the time the prosecution was initiated, as opposed to at the time of arrest." *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 611 (E.D.N.Y. 2017). However, where probable cause existed to make the arrest, a plaintiff must show that defendants learned of intervening facts between the arrest and the initiation of the prosecution that undermined the initial probable cause determination. *Powell v. Murphy*, 593 F. App'x 25, 28 (2d Cir. 2014) (summary order); *see also Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) ("[P]robable cause is a defense to a claim of malicious prosecution if it is not later nullified by information establishing the defendant's innocence."). Plaintiff has adduced no such evidence. Therefore, because Defendant Marshall had probable cause to arrest Plaintiff, and the record is devoid of any indication that an intervening fact operated to undermine it, probable cause too existed to prosecute Plaintiff, defeating his claim.[3]

Accordingly, Defendant's motion for reconsideration is DENIED.

SO ORDERED:

      /s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge

Dated: Brooklyn, New York
      October 31, 2019

---

[3] With respect to Defendants Smirnov, Luppino, Velez, and Massoni, Plaintiff has not proffered any evidence to support the contention that any of them initiated a prosecution against him. Their involvement was limited to arresting Plaintiff and searching his vehicle. *See Davis v. City of New York*, No. 04-cv-3299, 2007 WL 755190, at *9 (E.D.N.Y. Feb. 15, 2007) (finding plaintiff failed to establish that defendant officers initiated the criminal proceeding where defendants were "only alleged to have effectuated the search and arrests" but did not otherwise cause the accusatory instrument to be signed).